IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

OSCAR A. OLEA-CORONADO,

        CASE NO. 2:07-CR-124(1)
  Petitioner,        CIVIL NO. 2:10-CV-998
        JUDGE GREGORY L. FROST
  v.        Magistrate Judge Kemp

UNITED STATES OF AMERICA,

  Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 and §2241. His petition was filed in the United States District Court for the Central District of California, where petitioner is incarcerated, and then transferred to this Court. Petitioner raises a number of challenges to his 2008 conviction, after a jury trial, on a charge of conspiracy to distribute and to possess with the intent to distribute marijuana. On August 14, 2008, the Court sentenced petitioner to 121 months imprisonment plus five years of supervised release. On August 18, 2010, the United States Court of Appeals for the Sixth Circuit affirmed Petitioner's convictions and sentence.

This Court previously considered and denied a motion to vacate which petitioner filed on November 8, 2010. Because this new habeas corpus petition plainly constitutes a successive petition, for the reasons that follow, the Magistrate Judge

1

**RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for authorization for filing of a successive petition.

Before determining whether this is a second or successive petition, the Court must address petitioner's claim that he seeks relief under 28 U.S.C. §2241 and not §2255. Petitioner contends that this action may be considered under 28 U.S.C. §2241 because his remedy under 28 U.S.C. §2255 is inadequate or ineffective. He appears to argue that he is actually innocent of the charges and that his sentence violated the Eighth Amendment or was unconstitutionally imposed because the Court did not use the United States Sentencing Guidelines properly given the statutory sentencing factors set forth in 18 U.S.C. §3553, improperly accepted the government's position on Petitioner's relevant conduct, increased his sentence for a leadership role in the offense and obstruction of justice, failed to instruct the jury regarding an alibi defense and the government's burden of proof, because the evidence was insufficient to sustain his conviction, and because he was denied effective assistance of counsel.

A habeas corpus petition filed under 28 U.S.C. §2255 constitutes the primary avenue of relief for prisoners seeking to collaterally challenge errors alleged to have occurred at or prior to sentencing. *Tomilson v. Berkebile*, No. 6:11-00138-KSF, 2012 WL 1533493, at *2 (E.D. Ky. April 39, 2012)(citing *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010)). The "savings clause" of §2255 permits an action under §2241 where relief under §2255 is "inadequate or ineffective to test the legality of the detention." *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir.

2009)(quoting *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)). The remedy under §2255 is not considered inadequate or ineffective simply because relief has already been denied, because the petitioner is procedurally barred from pursuing relief, or because he has been denied permission to file a successive §2255 petition. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(citations omitted). It is the petitioner's burden to establish that his remedy under §2255 is inadequate or ineffective. *Id*. Petitioner has failed to meet this standard here.

The claims Petitioner seeks to raise have either already been addressed in prior §2255 proceedings, or involve issues that could have previously been raised. Moreover, although Petitioner asserts he is actually innocent, he has failed to allege any new facts or evidence reflecting his actual innocence of the charge of which he was convicted, nor does he refer to any retroactively applicable decision of the United States Supreme Court that could afford him relief. *See Tomilson v. Berkebile*, 2012 WL 1533493, at *3-4 (citations omitted). Petitioner's motion cannot therefore be considered under 28 U.S.C. §2241, and must be construed under 28 U.S.C. §2255.

As discussed, the instant motion under 28 U.S.C. §2255 plainly constitutes a successive petition. Petitioner previously has challenged the same convictions and sentence he now challenges in these proceedings in this same Court. *See* Doc. Nos. 276, 277, 280.

28 U.S.C. §2244 provides:

> (b) (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The United States Court of Appeals for the Sixth Circuit recently clarified that this Court determines whether a petition constitutes a successive petition prior to transferring the case to the Court of Appeals. In *In re Smith*, 690 F.3d 809 (6th Cir. 2012). As the Court of Appeals stated in *Storey v. Vasbinder*, 657 F.3d 372, 376–77 (6th Cir.2011):

> Whether a petition (a term we use interchangeably with "application") is "second or successive" within the meaning of §2244(b) does not depend merely on whether the petitioner filed a prior application for habeas relief. The phrase is instead "a 'term of art' that is 'given substance' by

> the Supreme Court's habeas cases." *In re Salem*, 631 F.3d 809, 812 (6th Cir.2011) (quoting *Slack v. McDaniel*, 529 U.S. 473, 486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). Accordingly, in a number of cases, the Court has held that an application was not second or successive even though the petitioner had filed an earlier one. In *Stewart v. Martinez–Villareal*, 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998), the petitioner filed a second petition that presented a claim identical to one that had been included in an earlier petition. The claim had been unripe when presented in the earlier petition. The Court treated the two petitions as "only one application for habeas relief [.]" *Id.* at 643, 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849. *In Panetti v. Quarterman*, 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007), the Court held that an application that presented a claim that had not been presented in an earlier application, but that would have been unripe if it had been presented then, was not second or successive. *Id.* at 945, 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662. In *Magwood v. Patterson*, --- U.S. ----, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), the Court made clear that an application challenging an earlier criminal judgment did not count for purposes of determining whether a later application challenging a new judgment in the same case was second or successive. *Id.* at 2797–98.

As discussed, at least a portion of the claims raised herein have previously been rejected in habeas corpus proceedings. The remainder of Petitioner's claims relate to errors allegedly made at trial or sentencing, and could have, but were not, been raised by Petitioner in his prior habeas corpus petition. Therefore, this is a successive petition.

Before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant is required move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of

5

habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir.1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir.1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997) ( *per curia* ). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir.1996).

That being the case, this Court is without jurisdiction to entertain a second or successive §2255 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if petitioner succeeds in making a prima facie showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S .C. §2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without §2244(b)(3)(A) authorization in *In re Sims*:

> [W]hen a prisoner has sought §2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or §2255 motion is filed in the district court without §2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. §1631.

111 F.3d at 47; *see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir.1996).

For these reasons, the Magistrate Judge **RECOMMENDS** the instant petition under 28 U.S.C. §2255 be **TRANSFERRED** to the Court of Appeals for the Sixth Circuit for authorization for filing pursuant to §2244(b)(3)(A).

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal

7

the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp<br>United States Magistrate Judge